**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BURLINGTON NORTHERN & SANTA
FE RAILWAY COMPANY,
                    *Petitioner,*

            v.

UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MONTANA,

                    *Respondent,*

BRIAN KAPSNER AND RYANN
KAPSNER,
            *Real Parties in Interest.*

No. 04-72134

D.C. No.
CV-02-00116-RFC

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Montana (Billings)
Richard F. Cebull, District Judge, Presiding

Argued and Submitted
January 12, 2005—Seattle, Washington

Filed March 31, 2005
Amended May 19, 2005

Before: Mary M. Schroeder, Chief Judge, Alfred T. Goodwin
and Susan P. Graber, Circuit Judges.

Opinion by Judge Goodwin

## COUNSEL

John C. Berghoff, Jr. (Argued), Mayer, Brown, Rowe & Maw LLP, Chicago, Illinois; Oliver Goe (On the Briefs), Browning, Kaleczyc, Berry & Hoven, P.C., Helena, Montana, for the petitioner.

Julieann G. McGarry (Argued), Cok, Wheat, Brown & McGarry PLLP, Bozeman, Montana; D. Anthony West (On the Briefs), Morrison & Foerster LLP, San Francisco, California, for the real parties in interest.

## ORDER

The opinion filed March 31, 2005, slip op. 3893, and appearing at 403 F.3d 1042 (9th Cir. 2005), is amended as follows:

At 403 F.3d 1047 (slip op. 3903, 3rd line from the bottom of the page), delete the text after ". . . the following factors:" to just before "(where providing particulars . . ." and replace with the following:

> . . . the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged . . .

At 403 F.3d 1047 (slip op. 3904, at the end of the first continuation paragraph), after the word "format.", add the following:

Finally, the application of these factors shall be subject to any applicable local rules, agreements or stipulations among the litigants, and discovery or protective orders.[FN]

> [FN]We are well aware that, particularly in discovery-intensive litigation, compiling a privilege log within 30 days may be exceedingly difficult, even for counsel who are sophisticated, experienced, well-funded, and acting in good faith. Further, we are aware (and take this opportunity to make district courts aware) that litigants seeking discovery may attempt to abuse the rule we announce today by propounding exhaustive and simultaneous discovery requests. In these circumstances, litigants are not without recourse. Rather, at the outset of discovery or, at the latest, before Rule 34's 30-day time limit has expired, they may either secure an appropriate agreement or stipulation from the relevant litigants or, failing that, apply for a discovery or protective order.

With these amendments, the panel has voted unanimously to deny the petition for rehearing. Chief Judge Schroeder and Judge Graber have voted to deny the petition for rehearing en banc, and Judge Goodwin recommended denial.

The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing is DENIED and the petition for rehearing en banc is DENIED.

No further petitions for rehearing or rehearing en banc shall be entertained.

**OPINION**

GOODWIN, Circuit Judge:

Burlington Northern & Santa Fe Railway Company ("Burlington") petitions this court for a writ of mandamus to overturn the District Court of Montana's discovery ruling, which orders Burlington to produce documents to plaintiffs Brian and Ryann Kapsner ("the Kapsners") in underlying environmental litigation in which Burlington is the defendant. The writ is denied.

## I.   FACTS AND PROCEDURAL HISTORY

The Kapsners brought an action on July 12, 2002, against Burlington in the District Court of Montana for the Sixth Judicial District (Park County) for Burlington's alleged intentional dumping of diesel oil and toxic solvents, resulting in contamination of the Kapsners' land, and for Burlington's intentional failure to contain and remediate this damage. Burlington removed to the United States District Court for the District of Montana on diversity grounds. The amended complaint seeks recovery for nuisance, negligence, strict liability, trespass, wrongful occupation, violations of the Montana Constitution, unjust enrichment, and misconduct warranting punitive damages.

Discovery has been underway since November 6, 2002, when the Kapsners served their first set of document requests pursuant to Federal Rule of Civil Procedure 34 ("Rule 34"). The discovery process has been characterized by delay, misunderstandings, and increasing acrimony between the parties. Burlington responded to the Kapsners' first set of document requests on December 9, 2002. However, this response was not accompanied by a privilege log. The record suggests that both parties intended and expected from the outset that a privilege log would in fact be produced. Thus, while Burlington accuses the Kapsners of gamesmanship in failing to assert the

argument that the privilege was waived in their original motion to compel, Burlington does not seriously dispute that a privilege log was expected.

The Kapsners objected to the form of Burlington's original response, which was not accompanied by documents but recited an invitation to inspect documents on Burlington premises. The Kapsners complained to Burlington as early as January 2003 that the production was neither organized according to the categories in the discovery requests nor kept in "the usual course of business," as required by Rule 34, and instead was simply produced in boxes "with no rhyme or reason." Underlying these disagreements about form was the Kapsners' belief that responsive documents were being improperly withheld. On April 7, 2003, the Kapsners filed a motion to compel, arguing that in addition to producing documents in an impermissible form, Burlington was withholding responsive documents, and had made no assurance that its production exhausted the universe of responsive documents.

Before the magistrate judge ruled on the motion, Burlington produced a privilege log. The Kapsners continued to suspect that Burlington was withholding unprivileged responsive documents, and were apparently unsatisfied with this log, which they allege "made it difficult . . . to determine whether [Burlington] was complying with its discovery obligations or asserting its privileges in good faith." The magistrate judge ordered Burlington to organize its entire production to correspond to discovery requests, and to produce documents responsive to the Kapsners' requests as stated rather than as unilaterally limited by Burlington.

The parties continued to wrangle over the privilege issue during the next fourteen months, as the Kapsners issued additional discovery requests insisting that responsive documents continued to be withheld. During this time, Burlington modified its privilege log several times, removing entirely some documents that were previously marked as responsive but

privileged. In a letter to Burlington, the Kapsners again articulated their position that unprivileged responsive documents were being withheld, demanded voluntary production, and declared their intention to file another motion to compel if the documents were not produced. After Burlington refused to produce the contested documents, the Kapsners filed a second motion to compel, this time demanding all responsive documents withheld from production on privilege grounds. The magistrate judge granted the motion, and upon appeal to the district judge, his order was upheld.[1] Burlington then brought this petition for a writ of mandamus to overturn the district court's order.

## II.   DISCUSSION

### Standard of Review

[1] The writ of mandamus is an "extraordinary" remedy limited to "extraordinary" causes. *Cheney v. U.S. Dist. Court*, 124 S. Ct. 2576, 2586 (2004). In order to gain the benefit of the writ, the party must have no other recourse; the right to the writ must be "clear and indisputable"; and the appellate court must be satisfied that the writ is appropriate under the circumstances. *Id.* at 2587. Distilling the Court's mandamus caselaw, the Ninth Circuit has articulated this standard in terms of a five-factor test, asking whether: 1) there are no other adequate means, such as direct appeal, to secure relief; 2) failure to grant the writ would result in damage to petitioner that is "not correctable on appeal"; 3) the district court's order is "clearly erroneous as a matter of law"; 4) the order represents an "oft-repeated" error or patent "disregard of the federal rules"; and 5) the order raises "new and important problems" or legal issues of first impression. *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977); *see*

---

[1]Throughout the rest of this opinion, we refer to both the actions of the magistrate judge and the actions of the district court judge as actions of "the district court."

*also Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1490-91 (9th Cir. 1989) (applying the *Bauman* factors). Not every factor need be present at once; indeed, the fourth and fifth will rarely be present at the same time. *Id.* at 1491. However, the absence of the third factor, clear error, is dispositive. *See, e.g., Gallo v. U.S. Dist. Court*, 349 F.3d 1169, 1177 (9th Cir. 2003), *cert. denied*, 124 S. Ct. 2420 (2004).

Thus, we review the district court's order for clear error as a matter of law. In the present case, this standard is informed by the general principle, not unique to the mandamus context, that "[d]istrict courts have wide latitude in controlling discovery." *United States ex rel. Aflatooni v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002) (internal quotation marks omitted). Because we hold that there was no clear error, we do not reach the remaining *Bauman* factors.

*Proper Assertion of Privilege*

Burlington argues that the district court erred as a matter of law by reading into Federal Rule of Civil Procedure 26(b)(5) ("Rule 26(b)(5)") and Rule 34 a *per se* rule that failure to produce a privilege log in a timely manner triggers waiver of privileges. While we reject the *per se* waiver rule, we affirm the district court's order on the ground that the factual circumstances put the result well outside the realm of clear error.

The district court agreed with the Kapsners that "defendant waived its privilege objections by failing to provide a privilege log at the time it served its discovery responses." Two propositions are embedded in the district court's assertion, when read in the context of the decision as a whole: (1) that a general, boilerplate assertion of an evidentiary privilege in response to a discovery request does not satisfy the demands of Rule 26(b)(5) and Rule 34, read together, and is not a proper assertion of the privilege; and (2) that the effect of untimeliness in properly asserting the privilege is to waive or otherwise abandon the privilege.

**[2]** Neither the text of the rules nor a binding judicial authority clearly affirms or negates these two propositions. Rule 34 requires that a written response to a discovery request be served within 30 days of the service of the request. The response must provide access to the information requested, either by permitting inspection or by producing documents, "unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts." Rule 34(b). While this Rule imposes a bright-line rule defining timeliness, it does not contain an explicit prohibition against boilerplate objections or assertions of privilege. Rule 26 provides, under the heading "Claims of Privilege or Protection of Trial Preparation Materials:"

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Rule 26(b)(5). Thus Rule 26 clarifies that a proper assertion of privilege must be more specific than a generalized, boilerplate objection. However, it does not specifically correlate this requirement with Rule 34's bright-line rule for timeliness, nor does it explicitly articulate a waiver rule.

**[3]** The advisory committee notes accompanying the addition of the relevant paragraph to Rule 26(b)(5) do suggest a temporal framework for asserting privilege, and also suggest waiver as a possible result of failure to properly provide 26(b)(5) notice. "To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule

37(b)(2), and may be viewed as a waiver of the privilege or protection." Rule 26(b)(5) advisory committee's note (1993 Amendments). However, the nature of this notice is explicitly left indeterminate. "The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection." *Id.* The notes also provide that, while details may be appropriate under some circumstances, there are circumstances in which they would be unduly burdensome. *Id.* Still, the "party must . . . provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection." *Id.* The absence of explicit guidance as to the nature of the required notice enlarges the vacuum in which strategic manipulation of the discovery process by means of blanket assertions of privilege, or "functionally silent" privilege claims, may flourish. *See generally* Rebecca A. Cochran, *Evaluating Federal Rule of Civil Procedure 26(B)(5) as a Response to Silent and Functionally Silent Privilege Claims*, 13 REV. LITIG. 219 (1994).[2]

**[4]** Judicial construction of the rules does not resolve the issue. No Circuit has explicitly weighed in on the precise content of Rule 26(b)(5)'s notice requirement, nor on its relationship to Rule 34's deadline. This circuit has held that a privilege log is *sufficient* to properly assert the privilege, without explicitly holding that it is *necessary* to meet those

---

[2]Professor Cochran notes that functionally silent privilege claims are a systemic problem in large civil cases, where the

> privilege problems . . . more frequently arise from blanket or generalized privilege claims . . . Blanket claims appear to be express, but reveal so little about the basis for withholding the materials that they are 'functionally silent.' The problem of blanket, functionally silent privilege claims caused one civil litigator to advise other litigators to demonstrate good faith in the discovery process by voluntarily providing detailed privilege logs and inviting in camera submissions even when not required by the court.

13 REV. LITIG. at 229 (footnote omitted).

requirements. *Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989); *see also United States v. Corporation (In re Grand Jury Investigation)*, 974 F.2d 1068, 1071 (9th Cir. 1992) (citing *Dole*). However, in articulating this holding, the court did not authorize general boilerplate objections as a proper method of asserting the privilege; indeed, it named a variety of methods such as *in camera* review and redactions of privileged material, all of which involve conveying some information about the content of the allegedly privileged material, which a boilerplate objection does not do. *Dole*, 889 F.2d at 890. Moreover, at least one circuit has refused to issue a writ of mandamus to a trial court, where the latter had ruled that untimeliness had destroyed the attorney-client privilege, even though "it does not seem seriously disputed that the privilege would have attached if the objection had been timely and adequately asserted." *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1985) (per curiam). A survey of district court discovery rulings reveals a very mixed bag, running the gamut from a permissive approach where Rule 26(b)(5) is construed liberally and blanket objections are accepted, to a strict approach where waiver results from failure to meet the requirements of a more demanding construction of Rule 26(b)(5) within Rule 34's 30-day limit. In general, a strict *per se* waiver rule and a permissive toleration of boilerplate assertions of privilege both represent minority ends of the spectrum.

While courts may differ in their chosen means, the end is clear. "Excessive discovery and evasion or resistance to reasonable discovery requests pose significant problems." Rule 26(f) advisory committee's note (1983 Amendment). Much ink has been spilled on the costs of abuse of the discovery process, and we will not rehearse those costs again here. "The purpose of discovery is to provide a mechanism for making relevant information available to the litigants . . . Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues . . ." *Id.* (citation omitted). In

order to honor the spirit of the rules, we now chart a middle road through the wide spectrum of caselaw regulating discovery by reading Rules 26(b)(5) and 34 together, informed by the purposes of Rule 26(b)(5) as articulated in the advisory committee notes.

**[5]** We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege. However, we also reject a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit. Instead, using the 30-day period as a default guideline, a district court should make a case-by-case determination, taking into account the following factors: the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard. These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process. They should not be applied as a mechanistic determination of whether the information is provided in a particular format. Finally, the application of these factors shall be subject to any applicable local rules, agreements or stipulations among the litigants, and discovery or protective orders.[3]

---

[3]We are well aware that, particularly in discovery-intensive litigation, compiling a privilege log within 30 days may be exceedingly difficult,

**[6]** Here, the district court found a waiver where the log not only was not filed during the Rule 34 time limit, but was filed *five months* later. In the absence of mitigating considerations, this fact alone would immunize the district court's ruling from reversal under the standard just articulated. But additional circumstances support the district court's ruling. Burlington is a sophisticated corporate litigant and a repeat player in environmental lawsuits and regulatory action involving the site that is the subject of the underlying lawsuit. The claim that responding in a timely fashion would have been impossible or overly burdensome is hard to justify, especially because the record reveals agreement between the parties that many of the same documents were previously produced in a prior lawsuit. The record also contains evidence that even the untimely assertion of privileges by Burlington was insufficient. The district court noted that the untimely logs "failed to correlate [specified] documents with specific discovery requests." Moreover, the Kapsners represented, and Burlington admitted, that even after producing the privilege log, Burlington made substantive changes to that log, removing "documents which, upon additional review, were not responsive." While an appellate court is not in a position, given the absence of explicit fact-finding on this matter, to definitively resolve the reciprocal claims of gamesmanship advanced by both parties, this is precisely the type of evaluation that is entrusted to the district court.

### III.   CONCLUSION

**[7]** The district court did not err in ordering Burlington to produce documents as to which it had untimely asserted a

---

even for counsel who are sophisticated, experienced, well-funded, and acting in good faith. Further, we are aware (and take this opportunity to make district courts aware) that litigants seeking discovery may attempt to abuse the rule we announce today by propounding exhaustive and simultaneous discovery requests. In these circumstances, litigants are not without recourse. Rather, at the outset of discovery or, at the latest, before Rule 34's 30-day time limit has expired, they may either secure an appropriate agreement or stipulation from the relevant litigants or, failing that, apply for a discovery or protective order.

privilege. Because the district court's order is not clearly erroneous, there is no need to reach the remaining *Bauman* factors. Burlington's petition for a writ of mandamus is

**DENIED.**