**In re DEP'T OF JUSTICE SUBPOENAS TO ABC.**

**Civil Action No. 08–MC–10253–PBS.**

United States District Court,
D. Massachusetts.

Nov. 13, 2009.

---

Mark C. Fleming, Stephen A. Jonas, Robert D. Keefe, Wilmer Hale LLP, Boston, MA, for Respondent.

Kevin Larsen, United States Department of Justice, Washington, DC, Michael K. Loucks, Franklin T. Reece, David S. Schumacher, Assistant U.S. Attorney, Gregg D. Shapiro, United States Attorney's Office, Boston, MA, for Petitioner.

## MEMORANDUM AND ORDER

SARIS, District Judge.

### I.  INTRODUCTION[1]

ABC objects to the Magistrate Judge's order granting the government's motion to

---

1.  To preserve the secrecy associated with grand jury matters, the Court has used fictitious names for all affected parties and minimally redacted the background facts.

compel production of privileged documents subpoenaed pursuant to Fed.R.Civ.P. 45. After hearing and review of the supplemental objections, the Court *DENIES* the motion to compel.

## II. FACTUAL BACKGROUND

### A. Past Course of Dealing

Between January 4, 2005, and February 15, 2009, the United States Department of Justice ("DOJ") served at least fifteen subpoenas duces tecum on ABC, Inc. ("ABC") in connection with an investigation into its business practices. (Gov't's Letter of Sept. 4, 2009, at 1 (Docket No. 35).) In response, ABC has produced more than 5.7 million pages and bates-stamped items as of September 4, 2009. (*Id.*) One bate-stamped database contained 25 million records.

ABC provided DOJ with its first privilege log on June 24, 2005, more than four months after the corresponding document production. (*Id.* at 3.) ABC ultimately provided at least forty privilege logs related to all document productions. (*Id.* 2–3.) ABC provided eleven logs concurrent with document production, but produced the remaining logs at varying times after documents were turned over. (*Id.*) On sixteen occasions, ABC provided logs over 100 days after document production, and in one case 403 days afterward. (*Id.* at 2.) Significantly, before September 2008, when it commenced this action, the government did not object to the lack of timeliness of any of these logs or to any of ABC's claims of privilege. (ABC's Object'n to Order Granting Mot. to Compel 5.)

### B. The Instant Dispute

On February 15 and 29, 2008, DOJ served ABC with the two subpoenas giving rise to the dispute here. (Mot. Compel ¶ 1.) The first subpoena called for production of documents on February 28, 2008. (*Id.*) The second subpoena called for production on March 13, 2008. (*Id.*) ABC did not alert the government to any claims of privilege regarding either subpoena within fourteen days of being served.

On March 6, 2008, the government contacted ABC to discuss the two subpoenas. (*Id.*

¶ 2.) The government stated that it must "push [the] investigation aggressively at this stage," and that it would not be granting extensions on document production despite having "in the past been agreeable to extensions." (Mot.Compel, Ex. 3.) Privilege logs apparently were not mentioned, and the government did not seek a court order requiring production of either the requested documents or any privilege logs. (Mot. Compel ¶ 2.)

On March 17, 2008, ABC produced seventy-six boxes of materials in response to the February subpoenas. ABC did not indicate that any files had been withheld from the boxes on the basis of privilege. (*Id.* ¶ 4.)

On March 26, 2008, ABC sent an email requesting the return of certain inadvertently produced privileged documents contained in seven of the seventy-six boxes. (*Id.*) The government complied with this request. (*Id.* ¶ 5.) ABC stated that it would provide a privilege log for the returned documents, though it did not provide one at the time. (ABC's Object'n 5.) The government did not object to ABC's failure to do so. ABC did not specify when it would provide a privilege log for the returned documents.

ABC continued to produce documents described in a cover letter as "non privileged" in response to the February 2008 subpoenas from March through September 2008. (*Id.* at 6.) In a cover letter dated September 5, 2008, ABC wrote regarding the document productions that "some documents have been redacted and others withheld on the basis of privilege" and that a "privilege log will be provided shortly." (*Id.*)

On September 12, 2008, the government objected to the absence of a privilege log for the February 2008 subpoenas. (*Id.* at 2.) In response, on September 15, ABC promised to produce a log by "week's end." (*Id.*)

On September 17, 2008, the government commenced this motion to compel production of all documents withheld by ABC for any reason in response to the February 15 and February 29 subpoenas. (*Id.* at 7.) Two days later, on September 19, ABC provided a privilege log of the thirty-eight documents that it had withheld from the 100 boxes originally turned over as a result of the February 2008

subpoenas. (*Id.* at 6.) It provided two additional logs for documents subject to these subpoenas on September 29, 2008, and October 1, 2008. (Order Granting Mot. Compel 3.) Since the government filed its motion to compel, ABC has completed twenty-six additional productions from which privileged documents have been withheld and timely privilege logs provided. (ABC's Object'n at 7.)

On June 17, 2009, Magistrate Judge Hillman held that ABC had waived the attorney-client privilege asserted in the September 19, September 29, and October 1 privilege logs, and granted the government's motion to compel production of the withheld documents. ABC subsequently filed a timely objection.

## III. DISCUSSION

### A. Standard of Review

The standard of review turns on whether the present motion to compel is dispositive under 28 U.S.C. § 636(b)(1)(B) or nondispositive under 28 U.S.C. § 636(b)(1)(A). If the motion is nondispositive, the Court reviews the Magistrate Judge's order for clear error. Fed R.Crim. P. 59(a). If the motion is dispositive, review of the Magistrate's decision must be de novo. Fed R.Crim. P. 59(b); *see also Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 6 (1st Cir.1999) ("[I]f a party contests a magistrate's proposed findings and recommendations on a dispositive motion, the district judge must make a de novo determination.") (quotations omitted).

The case law on the appropriate standard of review is sparse. Four years ago, as the losing party before the magistrate judge, the government argued that a motion to compel subpoenaed documents is dispositive where the matter involving the subpoena constitutes the entire matter before the court. *In re Admin. Subpoena Blue Cross Blue Shield of Mass.*, 400 F.Supp.2d 386, 388–389 (D.Mass. 2005) (collecting cases). The court agreed, ruling that "the government's motion to compel production of documents pursuant to a subpoena is the entire proceeding before this Court .... and the Court will treat the motion as dispositive and will review the magistrate judge's findings de novo under 28 U.S.C. § 636(b)(1)(C)." *Id.* at 389; *see also*

*U.S. E.E.O.C. v. Dolgencorp,* No. 07–C–6672, 2008 WL 4542973, at *2, (N.D.Ill. Apr.15, 2008) (citing *Blue Cross* ). Now, as the winning party before the magistrate judge, the government switches horses, arguing that review should be for clear error because a motion to compel is "not listed as one of eight matters that a Magistrate Judge may not decide under 28 U.S.C. § 636(b)(1)(A)." (Gov't's Resp. to ABC's Object'n 6) (emphasis original). However, the enumeration of dispositive motions to which the government refers does not include all motions that require de novo review, but rather "informs the classification of other motions as dispositive or nondispositive." *Phinney,* 199 F.3d at 6. Here, while the standard of review is not free from doubt, as the government's motion to compel is the entire issue before this Court, the Court concludes that the motion is dispositive and that review should be de novo.

### B. Waiver of Privilege

The present question is whether ABC's six-month delay in providing privilege logs in response to the February 2008 subpoenas constitutes waiver of attorney-client privilege with respect to the withheld documents. The government admits that the privilege logs ultimately produced in connection with the February 2008 subpoenas were satisfactory, but contends that ABC's failure to produce them before it filed this motion is enough to find waiver. (Tr. of Sealed Mot. Hr'g, 7, March 4, 2009.)

### 1. The Rule

■■■ The first issue that the Court must address is whether Fed.R.Civ.P. 45(c)(2)(B) requires that a claim of attorney-client privilege be made within fourteen days after service of the subpoena. The Rule provides that:

> [a] person commanded to produce documents ... may serve on [the requesting party] a written objection to inspecting, copying, testing or sampling any or all of the materials.... The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Fed.R.Civ.P. 45(c)(2)(B). Describing the "Duties in Responding to a Subpoena," Rule 45(d)(2)(A) provides that:

> A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed R. Civ. P. 45(d)(2)(A). "A party objecting to a subpoena on the basis of privilege must both (1) object to the subpoena and (2) state the claim of privilege within fourteen days of service, as required by Rule 45(c)(2)(B)." *Tuite v. Henry,* 98 F.3d 1411, 1416 (D.C.Cir.1996). Because "the investment of time necessary to review all responsive documents for privileged material . . . does not lend itself to the limited fourteen (14) day time period," a person responding to a subpoena should at least assert any privileges within the fourteen days provided in Rule 45(c)(2)(B). *In re DG Acquisition Corp. v. Dabah,* 151 F.3d 75, 77 (2d Cir.1998) (quotations omitted). "A full privilege log may follow 'within a reasonable time.'" *Id.* (quoting *Tuite,* 98 F.3d at 1416 (emphasis omitted)). One court in this district has held that Rule 45 "appears to permit assertion of the attorney-client privilege or work-product protection at the time for compliance with the subpoena regardless of whether an objection or motion to quash has been filed prior to the time set for compliance." *Winchester Capital Mgmt. Co. v. Mfrs. Hanover Trust Co.,* 144 F.R.D. 170, 175 (D.Mass.1992).[2] While Fed.R.Civ.P. 45 is not crystal clear on the timing of the assertion of privilege, the better view seems to be that the objection must be made within fourteen days of service, although the privilege log may follow within a reasonable time. Whether the assertion of privilege should have been made within fourteen days of service or at the time of compliance, though, is not material because ABC failed to meet either deadline. As the magistrate judge held, the mere description of documents in a cover letter as "non-privileged" is not an adequate assertion of the privilege. (Order Granting Mot. Compel 8–9). *See also In re Grand Jury Subpoena,* 274 F.3d 563, 575–76 (1st Cir.2001).

▮▮▮▮ However, lack of timeliness alone is not a death knell for ABC's claim of privilege. In his order, the Magistrate Judge properly rejected a per se waiver requirement:

> Because of the sacrosanct and critical role that the attorney-client privilege plays in the administration of justice, whether or not to find waiver should depend on factors in *addition* to whether the responding party has asserted privilege in a timely manner.

(Order Granting Mot. Compel 7 (emphasis added).) He continued, "Adopting a per se rule denies the court the opportunity to weigh such factors." (*Id.* at 7–8.) *Cf. In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.),* 348 F.3d 16, 23 (1st Cir.2003) ("Claims of implied waiver must be evaluated in light of principles of logic and fairness. That evaluation demands a fastidious sifting of the facts and a careful weighing of the circumstances.") (internal citations omitted); 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2016.1 (3d ed. 2009) ("Unless there has been a bad-faith failure to comply with a reasonable identification effort, automatically finding a waiver of the privilege would be unduly harsh."). The Magistrate Judge used a three-factor reasonableness test derived from *Burlington Northern & Santa Fe Railway v. United States District Court for the District of Montana,* 408 F.3d 1142, 1149

---

2. Commentators have acknowledged that the rule does not provide clear guidance on when privileges should be asserted. *See generally* 9 James Wm. Moore et al., Moore's Federal Practice § 45.61 (3d ed. 2009) ("The sounder approach . . . [permits] assertion of privilege at the time of compliance, even if no objection to the subpoena . . . was lodged before that time."); *but see* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2464 (3d ed. 2008) ("One problem presented by Rule 45(d)(2)(A) is that it fails to provide any guidance as to when the claim of privilege or work product must be asserted by the person subpoenaed.").

(9th Cir.2005), which involved the analogous thirty day limit in Fed.R.Civ.P. 34. The parties agree that application of such a test is appropriate here. The relevant factors in that analysis are:

▪ the degree to which the objection or assertion of privilege enables the litigant seeking discovery ... to evaluate whether each of the withheld documents is privileged ...; [2] the timeliness of the objection and accompanying information about the withheld documents ...; [3] the magnitude of the document production and other particular circumstances of the litigation that make responding to discovery unusually easy ... or unusually hard.

*Id.* The Court considers these factors "in the context of a holistic reasonableness analysis." *Id.*

▪ Waiver is appropriate where the responding party's conduct evinces a "deliberate pattern of delay" and is "egregious." *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 9–11 (1st Cir.1991) (finding waiver of privilege when, three months after being served with a subpoena, a party "neither produced the requested documents, objected to the request, nor sought an extension of time from the district court within which to act"). Waiver should only be found "in the absence of mitigating considerations" that favor the subpoenaed party. *Burlington*, 408 F.3d at 1149; *see also Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 (N.D.Ill.2001) ("[G]ood faith attempts at compliance [ ] and other such mitigating circumstances bear against finding waiver."). Prior dealings between the parties are one such circumstance. *See AVX Corp. v. Cabot Corp.*, 251 F.R.D. 70, 79 (D.Mass.2008) (holding, in a discovery context, that history of litigation is a factor in assessing the appropriate penalty for belated disclosure of documents). Aggravating factors can include "[t]he willfulness of the transgression." *Schiller v. City of New York*, 245 F.R.D. 112, 118 (S.D.N.Y.2007).

▪ Here, one major mitigating factor is the prior dealings of the parties, which show that a delay in the creation of privilege log loss was not anomalous, but rather had already occurred at least thirty times without objection by the government during the investigation. In fact, on at least eight previous occasions, the time between ABC's document production and its production of a privilege log was longer than in the present case. ABC reacted to the February 2008 subpoenas in the same manner that the government had tacitly accepted for years, and there was no express indication to ABC that the government would consider a delay in the provision of privilege logs to constitute a waiver.

True, the government signaled its intent to act more aggressively when it sent a communication to ABC on March 6, 2008, stating, in part, "[w]hile we have in the past been agreeable to extensions, we have in fact not agreed to extensions on these outstanding subpoenas." (Mot. Compel ¶ 2.) However, the extensions referenced in this communication do not refer to the provision of privilege logs, but rather to the document productions. Eleven days later, on March 17, 2008, ABC made its first production related to the February 2008 subpoenas. Though it was made two weeks after the time set for compliance, the timing of this production was not late relative to other productions made during the three year investigation.

A further mitigating circumstance is the notice the government received of ABC's intention to withhold documents, in a communication sent March 28, 2008, requesting the return of inadvertently produced privileged documents. The government complied promptly with ABC's request, a clear acknowledgment that some of the documents requested in the subpoenas were privileged. At the time of this clawback, ABC also sent an assurance that it would "supply a privilege log" for the returned documents. (ABC's Object'n 5.) Thus, the claim that "[f]or six months Government [sic] was operating under the assumption that it was reviewing a complete production," is not a convincing one. (Gov't Resp. Object'n 7.) The government knew or should have known that ABC would provide future privilege logs, as it had done numerous times during the investigation.

The magnitude of the document production in the investigation is a third mitigating factor. Many courts have considered the magnitude of production as a factor in determining whether there is waiver. *See, e.g., Lawrence E. Jaffe Pension Plan v. Household Intern., Inc.,* 244 F.R.D. 412, 425 (N.D.Ill.2006) ("Given that more than four million pages of documents are at issue in this case, the court declines to find waiver based on the delay in submitting a privilege log."); *Butler Mfg. Co. v. Americold Corp.,* 148 F.R.D. 275, 277 (D.Kan.1993) (finding no waiver even where a privilege claim was untimely, "in light of the vast quantity of documents involved and all of the other factors militating against compelling disclosure"); *see also* 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2016.1 (3d ed. 2009) ("Particularly with document discovery, a large volume of material may be involved and the time required to determine what is or is not covered by a privilege claim can be substantial," rendering strict timeliness rules for privilege claims "troublesome.").

The government argues ABC's delay in asserting privilege was "unreasonable, and that it was not timely." (Gov't's Resp. Object'n 11.) The Magistrate called ABC's delay in providing the logs "cavalier at best" and agreed with the government's assertion that in not finding waiver, the Court will be rewarding ABC for not following the time limitation. (Order Granting Mot. Compel 12.) However, on appeal, at the Court's request, the parties provided a detailed summary of the litigation history, which had not been fully available to the magistrate judge. The full course of dealing paints a different picture. While ABC was dilatory in filing privilege logs, the government was lethargic in responding. It cannot now proclaim "gotcha" after nearly five years of a rolling production process involving millions of documents that moved at molasses speed. In light of the mitigating circumstances—which include the ultimate sufficiency of ABC's logs when they were produced, the large magnitude of the productions, and the parties' course of dealing—I decline to find waiver here.

## ORDER

The government's motion to compel [Docket No. 2] is *DENIED.*